CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 3 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL LEE WELLS, | ) | CIVIL ACTION NO. 7:04CV00335 |
| | ) | CRIM. ACTION NO: 3:02CR00081 |
| Petitioner, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | JUDGE NORMAN K. MOON |

Petitioner Paul Lee Wells brings this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Wells challenges the validity of his sentence for the charge of possession with intent to distribute cocaine. He claims that the behavior of his lawyer deprived him of his Sixth Amendment right to effective assistance of counsel. On February 25, 2005, the United States responded and requested that petitioner's motion be dismissed, or in the alternative, that summary judgment be entered on behalf of the government. The court notified the petitioner of the government's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); petitioner had twenty days in which to file a response after receiving the notice. The time allotted has expired, and petitioner has not responded. The case is thus ripe for decision.

Upon review of the record, this court denies the petitioner's § 2255 motion. The petition does not allege facts that, if true, would entitle him to relief. The court therefore declines to hold an evidentiary hearing and dismisses the petition. *See* 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 17, 2002, Wells was apprehended with 25.85 grams of cocaine base on his person. On February 10, 2003, petitioner pled guilty to possession with intent to distribute

cocaine base. In his plea agreement, Wells agreed to "waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." Wells also confirmed that he had not "been coerced, threatened or promised anything other than the terms of this Plea Agreement, described above, in exchange for my plea of guilty." Finally, Wells agreed to "waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing."

At the Rule 11 plea colloquy, the court established that Wells had finished school up to the 11th grade;[1] that he could read and write, that he was not under the influence of any drugs, and that he had discussed the plea agreement with his attorney. The court also questioned Wells about the agreement to ensure that Wells understood his actions.

THE COURT: Similarly, in paragraph eight, you waived the right to mount a collateral attack on the judgment and sentence, a so-called Rule 2255 motion. Did you discuss that with Mrs. Cain? Do you wish to confer with counsel?

THE DEFENDANT: Yes, sir.

(Mrs. Cain conferred with the defendant.)

THE DEFENDANT: Yes, sir, I understand.

THE COURT: That explains it to you?

THE DEFENDANT: Uh-huh.

In the middle of the hearing, the court queried whether Wells understood everything that they had been discussing. Wells answered "Miss Margaret Cain explained it to me. She

---

[1] The Presentence Investigation Report came to a different conclusion, stating that Wells had only finished part of his 10th grade year. In addition, the Report stated that Wells had an IQ of 59.

2

counselled [sic] me." The court also asked Wells whether anyone had tried to force him to plead guilty. Wells answered no.

On May 15, 2003, the court sentenced petitioner to 120 months imprisonment, which represented the low end of the guideline range as determined by the probation officer in the Presentence Investigation Report ("PSR"). No objections were made to the PSR by Wells' attorney, Margaret Cain ("Cain").

Petitioner has filed several letters with this court since his sentencing, alleging that he was denied his 6th Amendment right to effective assistance of counsel. Petitioner claims that:

1) Petitioner's attorney, Cain, coerced him into pleading guilty;

2) Cain had informed petitioner that she had a conflict of interest, but did not withdraw from his case;

3) Cain was disbarred after Wells' sentencing for actions in another case, and Wells believes she was using drugs while representing him;

4) Cain did not timely provide petitioner with his PSR; and

5) Cain was uninterested in petitioner's case and unresponsive when he called.

## II. DISCUSSION

### A. WAIVER OF COLLATERAL ATTACK RIGHTS

The government argues that, pursuant to his plea agreement, Wells waived his right to bring a § 2255 motion challenging the judgment and sentence in this case. Petitioner agreed to give up his right to collaterally attack his sentence in his plea agreement, and verbally in his plea colloquy. The Fourth Circuit has held that a defendant may waive the right to attack his

3

conviction and sentence collaterally. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). However, the court can only enforce a waiver if the waiver is knowing and intelligent, and if the issue appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

To determine whether Wells' waiver is valid, this court looks to the statements that he made during the Rule 11 plea colloquy. A petitioner's sworn statements during a Rule 11 colloquy are given heavy weight, and therefore this court is required "to dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements," in the absence of extraordinary circumstances. *Lemaster*, 403 F.3d at 222. During the plea colloquy, Wells asserted that he understood he was waiving his right to collaterally attack his sentence under § 2255. The court asked whether the petitioner comprehended the right that he was waiving, and petitioner assented after conferring with counsel. Therefore, according to both his signed plea agreement and his statements in the colloquy, petitioner has knowingly and voluntarily waived the right to bring a § 2255 motion.

Although Wells clearly waived his rights to collaterally attack his sentence, he has made some claims which relate to the ineffectiveness of his counsel in negotiating the plea agreement. Ineffective assistance of counsel claims which relate to the plea agreement cannot generally be barred by the plea agreement itself. *United States v. Cockerham*, 237 F.3d 1179, 1185 (10th Cir. 2001); *Jones v. United States*, 167 F.3d 1142, 1145-1146 (7th Cir. 1999). *See also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *DeRoo v. United States*, 223 F.3d 919, 923-924 (8th Cir. 2000)(holding that "the decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is

4

the result of advice 'outside of the range of competence demanded of attorneys in criminal cases.'"(citations omitted)). It would be unjust to enforce a defendant's waiver of his Sixth Amendment right to representation when his agreement to the waiver was based on incompetent counsel. *Cockerham*, 237 F.3d at 1184 (quoting *Jones v. United States*, 167 F.3d at 1145). Thus, this court will carefully examine petitioner's claims that relate to the legitimacy of his plea agreement, to determine whether each of those claims was knowingly and voluntarily waived.

## B. WAIVER OF SIXTH AMENDMENT RIGHTS

Three of Wells' claims implicate the validity of his plea: Wells alleges that 1)His attorney coerced him into pleading guilty; 2) his attorney had a conflict of interest, but failed to withdraw from his case; and 3) his attorney was disbarred for unrelated reasons after the petitioner's sentencing, and the petitioner believes that she might have been on drugs while counseling him. The court will first determine whether Wells has knowingly and voluntarily waived these specific claims as well. *See Lemaster*, 403 F.3d at 222.

First, Wells claims that his attorney coerced him into pleading guilty. However, Wells' signed plea agreement specifically states that Wells was not "coerced, threatened or promised anything other than the terms of this Plea Agreement, described above, in exchange for my plea of guilty." Moreover, during the Rule 11 plea colloquy, petitioner was questioned on this topic, and stated that no one had tried to force him to plead guilty. The court will presume that petitioner's statements during the colloquy are true in the absence of extraordinary circumstances. *Id.* Here, Wells was found competent to plead guilty, and could have easily raised the issue of coercion at the time of the plea or at sentencing. Moreover, Wells has not alleged that his lawyer did anything out of the ordinary, claiming only that she threatened him "with

5

force of authority" and "waved a twenty year convictedtion [sic] in my face." *See id..* (quoting *United States v. White*, 366 F.3d 291, 295-296 (4th Cir. 2000))(holding that admittedly ineffective representation, conceded by the government, was "the type of extraordinary circumstance that warranted an evidentiary hearing"). Thus, Wells' allegation that he was forced to plead guilty is "palpably incredible and knowingly frivolous and false." *Id.* at 222. This court finds, based on petitioner's own statements, that Wells knowingly and voluntarily waived his right to challenge his sentencing based on the claim that his guilty plea was coerced.

Second, Wells claims that his attorney told him that she had a conflict of interest, but failed to withdraw from his case. Neither counsel or Wells brought this alleged conflict to the attention of the court. In his plea agreement, Wells conceded to waive "any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." According to the § 2255 motion, Wells knew of the possible conflict before his sentencing, and failed to mention it to the court. However, the court did not specifically question Wells as to whether he was satisfied with his attorney at the Rule 11 plea colloquy.

This court must therefore determine, without the benefit of petitioner's sworn statements in court, whether Wells knowingly and voluntarily waived his right to bring an ineffective assistance of counsel claim to challenge his guilty plea. To determine whether a guilty plea is valid, the court must examine the totality of the circumstances, including the background of the defendant. *United States v. Davis*, 954 F.3d 183, 186 (4th Cir. 1992)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In this case, according to the PSR, Wells has an extremely low IQ of 59, and dropped out of high school before completing the 10th grade. Furthermore, Wells repeatedly conferred with counsel at the plea hearing when asked questions by the court,

6

suggesting that he did not understand the provisions of the plea agreement before the hearing. Rule 11 hearings are meant to establish conclusively that the defendant knowingly and voluntarily enters into his plea bargain, with a full understanding of the consequences of his actions. *See United States v. Wood*, 378 F.3d 342, 349 (4th Cir. 2004). Without such a safeguard provided by the plea colloquy, and based on these limited circumstances, the court will not assume that petitioner knowingly waived his Sixth Amendment right to counsel.

Finally, Wells grounds his claim of ineffective assistance of counsel on the fact that his attorney, Cain, was disbarred after his sentencing, and alleges that Cain was using drugs while representing him. Wells' plea agreement stated that he waived any claim for ineffective assistance of counsel "*known* and not raised by me with the Court at the time of sentencing" (emphasis added). However, Wells could not have known at the time of sentencing that his attorney would be disbarred after his case was closed. Moreover, from petitioner's § 2255 motion, it also seems likely that Wells had no suspicion of drug use until he heard rumors from other inmates after his attorney's disbarment. Under his plea agreement, Wells cannot be deemed to have waived his right to bring a § 2255 motion of ineffective assistance of counsel based on information he learned *after* his sentencing. Thus, Wells has a right to challenge his guilty plea based on his claim that his attorney was disbarred after his case, and that she may have been under the influence of drugs while representing him.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel and thus a violation of the Sixth Amendment, petitioner must meet a two-pronged test. First, Wells must show that his counsel's

7

performance was below an objective standard of reasonableness. *Strickland v. Washington*, 466
U.S. 668 (1984). This is a heavy burden, as there is a strong presumption that counsel has
rendered competent assistance. *Strickland*, 466 U.S. at 690. Second, petitioner must
demonstrate that but for counsel's deficient performance, there is a reasonable probability that
the outcome of the case would have been different. *Id., Moody v. Polk*, 408 F.3d 141, 146 (4th
Cir. 2005). Wells must show that, but for his attorney's mistakes, he would have gone to trial
rather than pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Alternatively,
petitioner must demonstrate that an actual conflict of interest adversely affected his lawyer's
performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). In this case, petitioner can meet
none of the required prongs.

Wells was apprehended with 28.5 grams of crack cocaine on his person. Because the
evidence against him appeared to be fairly conclusive, a guilty plea was a logical course to take.
Furthermore, the strategy paid off. The minimum sentence for this crime, in Wells' case, was 10
years. In his PSR, Wells was recommended to receive the minimum sentence, and accordingly,
the court sentenced him to 10 years. Wells seems to have received the shortest sentence available
to him, and thus, he cannot demonstrate that his counsel's performance was incompetent.
Moreover, Wells has not even alleged that he would have gone to trial but for his attorney's
errors. On this record, there is no evidence, of any mistakes that resulted in an ill-conceived
guilty plea. Thus, Wells' remaining claims of ineffective assistance of counsel can be dismissed.

### III. CONCLUSION

For the reasons stated above, the court will grant the government's motion to dismiss

petitioner's § 2255 motion in its entirety. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.

ENTERED: *(signature)*
United States District Judge

8/3/05
Date

9

Case 7:04-cv-00335-NKM-mfu   Document 21   Filed 08/03/05   Page 9 of 9   Pageid#: 94